

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 30, 2024

Devon D. Hincapie, Esq.
Hincapie Law, LLC
90 Canal Street
Boston, Massachusetts 02114

  Re: United States v. Doyal Kalita,
    <u>Criminal No. 22-10192-NMG</u>

Dear Ms. Hincapie:

  The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Doyal Kalita ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

  1. <u>Change of Plea</u>

  At the earliest date available from the Court, Defendant will plead guilty to Counts One, Two, and Three of the Indictment: wire fraud conspiracy, in violation of 18 U.S.C. § 1349; conspiracy to import controlled substances, in violation of 21 U.S.C. § 963; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), respectively.

  Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one. Defendant agrees that, in substance, the allegations in the Indictment concerning him are true and accurate. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Indictment.

  The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. §§ 545, 1014, 1030, 1343, 1344, or 1956 or 21 U.S.C. § 841(a)(1), based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

Count One: incarceration for 20 years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment;

Count II, incarceration for 20 years; supervised release for three years; a fine of $1,000,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment; and

Count III, incarceration for 20 years; supervised release for three years; a fine of $500,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees based on the following calculations, that Defendant's total "offense level" under the Guidelines is 34:

The offense level for Count One, Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349, is 26, calculated as follows:.

    a) Defendant's base offense level is 7, because Defendant was convicted of an offense referenced to USSG § 2B1.1 and that offense has a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

    b) Defendant's offense level is increased by 14, because Defendant caused a loss of more than $550,000 but not more than $1,500,000 (USSG § 2B1.1(b)(1)(H));

    c) Defendant's offense level is increased by 2, because the offense involved 10 or more victims and was committed through mass-marketing (USSG § 2B1.1(b)(2)(A)(i) and (ii));

    d) Defendant's offense level is increased by 2, because a substantial part of the fraudulent scheme was committed from outside the United States and the offense otherwise involved sophisticated means and Defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(B) and (C));

e) Defendant's offense level is increased by 4, because Defendant was an organizer or leader of a scheme that involved five or more participants and was otherwise extensive (USSG § 3B1.1(a)); and

f) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The offense level for Count Two, Conspiracy to Import Schedule II and Schedule IV Controlled Substances, in violation of 21 U.S.C. § 963; is 21, calculated as follows:

a) Defendant's base offense level is 16, because Defendant was convicted of an offense referenced to USSG § 2D1.1 and because Defendant's offense involved at least 20 kilograms but less than 40 kilograms of converted drug weight (USSG § 2D1.1(a)(5) and (c)(12));

b) Defendant's offense level is increased by 2, because Defendant, or a person for whose conduct Defendant is accountable under §1B1.3 (Relevant Conduct), distributed a controlled substance through mass-marketing by means of an interactive computer service (USSG § 2D1.1(b)(7));

c) Defendant's offense level is increased by 2, because Defendant was directly involved in the importation of a controlled substance (USSG § 2D1.1(b)(16)(C));

d) Defendant's offense level is increased by 4, because he was a leader and organizer of a criminal activity that involved five or more participants or was otherwise extensive (USSG § 3B1.1(a)); and

e) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The offense level for Count Three, Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956, is 33, calculated as follows:

a) Defendant's base offense level is 8, because Defendant was convicted of an offense referenced to USSG § 2S1.1 and Defendant does not satisfy the criteria for USSG § 2S1.1(a)(1) (USSG § 2S1.1(a)(2));

b) Defendant's offense level is increased by 14, because the value of the laundered funds was more than $550,000 but not more than $1,500,000 (USSG §§ 2S1.1(a)(2), 2B1.1(b)(1)(H));

c) Defendant's offense level is increased by 6, because Defendant knew or believe that at least some of the laundered funds were the proceeds of an offense involving the importation and distribution of a controlled substance (USSG § 2S1.1(b)(1));

    d) Defendant's offense level is increased by 4, because USSG § 2S1.1(a)(2) applies and Defendant was in the business of laundering funds (USSG § 2S1.1(b)(2)(c));

    g) Defendant's offense level is increased by 4, because he was a leader and organizer of a criminal activity that involved five or more participants and was otherwise extensive (USSG § 3B1.1(a)); and

    h) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Count One constitutes Group One and Counts Two and Three are grouped together as Group Two, pursuant to USSG § 3D1.2, because the counts in those respective groups involve substantially the same harm insofar as Count Two embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Count Three (USSG §§ 2S1.1(b)(1), 3d1.2(c)).

The offense level for Group Two is 33, because the offense level for the Group is determined under the guideline applicable to Count Three, which yields the highest offense level of the counts in the Group (USSG § 3D1.3(a)).

The combined offense level is 34, because there are two groups, and the offense level for Group One is 5 to 8 levels less serious than the offense level for Group Two, such that the offense level for Group Two is increased by 1 level (USSG § 3D1.4).

Defendant agrees with the government's guideline calculation above as to Count One, Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349, that Count One is Group One, and that the Defendant's total offense level for Group One under the Guidelines, before application of USSG § 4C1.1, is 26.

Defendant further agrees that Count Two, Conspiracy to Import Schedule II and Schedule IV Controlled Substances, 21 U.S.C. § 963; and Count Three, Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956, are grouped together as Group Two. Defendant, however, calculates the Defendant's total offense level based on a different calculation of the offense level for Group Two, and based on Defendant's contention that the application of the adjustment for zero-point offenders, under USSG § 4C1.1, applies. The government reserves the right to oppose this calculation.

Defendant understands that the Court is not required to follow the government's or the Defendant's calculations or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or

(b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration for a term of 120 months;

    b) no fine, based on Defendant's inability to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution, as determined by the Court at sentencing; and

    f) forfeiture as set forth in Paragraph 6.

Defendant agrees to recommend the following sentence to the Court:

    a) incarceration for a term of 60 months;

    b) no fine, based on Defendant's inability to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution, as determined by the Court at sentencing; and

    f) forfeiture, as determined by the Court at sentencing.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge any prison sentence of 60 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's Guidelines, the U.S. Attorney will not appeal any sentence of imprisonment of 120 months or more.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.   Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a. A money judgment in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that money is subject to forfeiture on the grounds that it is equal to the amount of money involved in Defendant's offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.  Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kriss Basil.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: *[signature]*

STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit

SETH B. KOSTO
Deputy Chief
Securities, Financial & Cyber Fraud Unit

*[signature]*

KRISS BASIL
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Doyal Kalita
Defendant

Date: 02-01-2024

I certify that Doyal Kalita has read this Agreement and that we have discussed what it means. I believe Mr. Kalita understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Devon D. Hincapie, Esq.
Attorney for Defendant

Date: 2.1.2024